UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
File No.:

## CIVIL ACTION COMPLAINT

Vernon Aune and Dea Aune,

        Plaintiffs,

vs.

CERTAINTEED CORPORATION;
CONWED CORPORATION;
CYPRUS AMAX MINERALS COMPANY (sued as successor to SIERRA TALC COMPANY and UNITED TALC COMPANY);
DAP PRODUCTS, INC.;
GEORGIA-PACIFIC LLC f/k/a GEORGIA-PACIFIC CORPORATION (sued individually and as successor-in-interest to BESTWALL GYPSUM COMPANY);
KAISER GYPSUM COMPANY, INC.;
METROPOLITAN LIFE INSURANCE COMPANY;
PFIZER INC.;
R.T. VANDERBILT COMPANY, INC. (sued individually and as successor-in-interest to INTERNATIONAL TALC COMPANY);
THE SHERWIN-WILLIAMS CO.;
UNION CARBIDE CORPORATION;
VANDERBILT MINERALS, LLC (sued as successor-by-merger to R,T. VANDERBILT COMPANY, INC.);

        Defendants.

**JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

Plaintiffs Vernon Aune and Dea Aune sue the above-named Defendants for compensatory and punitive damages and allege as follows:

1

## PARTIES

1. Plaintiffs Vernon Aune and Dea Aune are citizens and residents of the County of Guilford, State of North Carolina.

2. Defendant **CERTAINTEED CORPORATION** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Pennsylvania. At all times material hereto, CERTAINTEED CORPORATION was a manufacturer of asbestos-containing Certainteed Roofing Shingles. CERTAINTEED CORPORATION has and does business in the State of North Carolina.

3. Defendant **CONWED CORPORATION** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in California. At all times material hereto, CONWED CORPORATION was a manufacturer of asbestos-containing Conwed Ceiling Tiles. CONWED CORPORATION has and does business in the State of North Carolina.

4. Defendant **CYPRUS AMAX MINERALS COMPANY** (sued as successor to SIERRA TALC COMPANY and UNITED TALC COMPANY) was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Arizona. At all times material hereto, CYPRUS AMAX MINERALS COMPANY (sued as successor to SIERRA TALC COMPANY and UNITED TALC COMPANY) was a supplier of asbestos-containing talc. CYPRUS AMAX MINERALS COMPANY (sued as successor to SIERRA TALC COMPANY and UNITED TALC COMPANY) has and does business in the State of North Carolina.

5. Defendant **DAP PRODUCTS, INC.** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Maryland. At all times material hereto, DAP PRODUCTS, INC. was a manufacturer of asbestos-containing DAP caulk. DAP PRODUCTS, INC. has and does business in the State of North Carolina.

6. Defendant, **GEORGIA-PACIFIC, LLC f/k/a GEORGIA-PACIFIC CORPORATION,** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Georgia. The members of the "LLC" who comprise GEORGIA-PACIFIC, LLC f/k/a GEORGIA-PACIFIC CORPORATION are James B. Hannan, Jr., who resides in Atlanta, Georgia; Tye G. Darland, who resides in Atlanta, Georgia; William A. Frerking, who resides in Alpharetta, Georgia; David L. Robertson, Sr., who resides in Atlanta, Georgia; and Tyler L. Woolson, who resides in Atlanta, Georgia. At all times material hereto, GEORGIA-PACIFIC, LLC f/k/a GEORGIA-PACIFIC CORPORATION developed, manufactured and sold, asbestos-containing Georgia-Pacific Joint Compound and Bestwall Joint Compound. GEORGIA-PACIFIC, LLC f/k/a GEORGIA-PACIFIC CORPORATION has and does business in the State of North Carolina.

7. Defendant **KAISER GYPSUM COMPANY, INC.** was and is a company incorporated under the laws of the State of Washington with its principal place of business in Texas. At all times material hereto, KAISER GYPSUM COMPANY, INC. was a manufacturer of asbestos-containing Kaiser Gypsum Joint Compound. KAISER GYPSUM COMPANY, INC. has and does business in the State of North Carolina.

8. Defendant **METROPOLITAN LIFE INSURANCE COMPANY** was and is a company incorporated under the laws of the State of New York with its principal place of business in New York. At all times material hereto, METROPOLITAN LIFE INSURANCE COMPANY was a Conspiracy Defendant. METROPOLITAN LIFE INSURANCE COMPANY has and does business in the State of North Carolina.

9. Defendant **PFIZER INC.** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto,

3

PFIZER INC. was a supplier of asbestos-containing talc. PFIZER INC. has and does business in the State of North Carolina.

10. Defendant **R.T. VANDERBILT COMPANY, INC.** (sued individually and as successor-in-interest to INTERNATIONAL TALC COMPANY) was and is a company incorporated under the laws of the State of New York with its principal place of business in Connecticut. At all times material hereto, R.T. VANDERBILT COMPANY, INC. (sued individually and as successor-in-interest to INTERNATIONAL TALC COMPANY) was a supplier of asbestos-containing talc. R.T. VANDERBILT COMPANY, INC. (sued individually and as successor-in-interest to INTERNATIONAL TALC COMPANY) has and does business in the State of North Carolina.

11. Defendant **THE SHERWIN-WILLIAMS CO.** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Ohio. At all times material hereto, THE SHERWIN-WILLIAMS CO. was a manufacturer of asbestos-containing Sherwin-Williams Paint. THE SHERWIN-WILLIAMS CO. has and does business in the State of North Carolina.

12. Defendant **UNION CARBIDE CORPORATION** was and is a company incorporated under the laws of the State of New York with its principal place of business in Texas. At all times material hereto, UNION CARBIDE CORPORATION was a supplier of asbestos fibers. UNION CARBIDE CORPORATION has and does business in the State of North Carolina.

13. Defendant, **VANDERBILT MINERALS, LLC f/k/a R.T. VANDERBILT COMPANY, INC.** (sued individually and as successor-in-interest to INTERNATIONAL TALC COMPANY), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Connecticut. The members of the "LLC" who comprise VANDERBILT MINERALS, LLC f/k/a R.T. VANDERBILT COMPANY, INC. (sued individually

4

and as successor-in-interest to INTERNATIONAL TALC COMPANY) are all domiciled in Connecticut. At all times material hereto, VANDERBILT MINERALS, LLC f/k/a R.T. VANDERBILT COMPANY, INC. (sued individually and as successor-in-interest to INTERNATIONAL TALC COMPANY) was a supplier of asbestos-containing talc. VANDERBILT MINERALS, LLC f/k/a R.T. VANDERBILT COMPANY, INC. (sued individually and as successor-in-interest to INTERNATIONAL TALC COMPANY) has and does business in the State of North Carolina.

14. Plaintiffs Vernon Aune and Dea Aune bring this action for monetary damages as a result of Plaintiff Vernon Aune's contraction of an asbestos-related disease. Plaintiff Vernon Aune was diagnosed with mesothelioma on or about February 26, 2014.

15. Plaintiff Vernon Aune was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below:

(a) Plaintiff Vernon Aune experienced exposure to asbestos-containing products and/or equipment in approximately 1960 and the early 1970's, while performing remodeling and construction work to his personal residences in Superior, WI. During this time, Plaintiff Vernon Aune worked with and/or around asbestos-containing products and/or equipment including, but not limited to, DAP Caulk and Sherwin Williams Paint.

(b) Plaintiff Vernon Aune experienced exposure to asbestos-containing products and/or equipment from approximately 1950 to 1965 while working as an apprentice and journeyman carpenter for JD Harold in Duluth, MN. Plaintiff Vernon Aune's daily job duties required him to work around various trades such as electricians, plasterers, plumbers, sheet metal workers, roofers, painters, and sheetrock workers

5

at several locations in and around Duluth, MN. During this time, Plaintiff Vernon Aune was exposed to asbestos-containing products and/or equipment including, but not limited to, Certainteed Roofing Shingles, DAP Caulk, Georgia-Pacific Joint Compound, Gold Bond Joint Compound, United States Gypsum Joint Compound, Kaiser Gypsum Joint Compound, Conwed Ceiling Tiles, and Bestwall Joint Compound. Suppliers of asbestos fibers and/or asbestos-containing talc include, but are not limited to, Cyprus Amax Minerals Company, Pfizer, Inc., R.T. Vanderbilt Company, Inc., Union Carbide Corporation and Vanderbilt Minerals, LLC.

16. At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

17. At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Plaintiff Vernon Aune or to such other entities so that these materials were caused to be used by or in close proximity to Plaintiff Vernon Aune.

18. At all material times, Defendant Metropolitan Life Insurance Company conspired with other Defendants to disseminate false and misleading medical and/or scientific information regarding the safety of asbestos and demonstrated a clear disregard for the health, safety and welfare of individuals such as Plaintiff Vernon Aune.

## JURISDICTION AND VENUE

19. This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina, and/or at all material times are or have been engaged in business in the State of North Carolina.

20. Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because Plaintiffs Vernon Aune and Dea Aune reside in Greensboro, North Carolina and/or a substantial part of the events or omissions occurred in North Carolina.

21. Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because Plaintiffs Vernon Aune and Dea Aune are citizens of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

22. Plaintiffs Vernon Aune and Dea Aune have satisfied all conditions precedent to the filing of this action.

23. All of the named Defendants listed on the caption are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against all named Defendants except Metropolitan Life Insurance Company)

24. Plaintiffs Vernon Aune and Dea Aune incorporate by reference the preceding paragraphs as if fully set forth herein.

25. At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

26. The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by Plaintiff Vernon Aune.

27. Throughout the course of his employment, Plaintiff Vernon Aune used and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

28. During the course of his employment, Plaintiff Vernon Aune was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma.

29. Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products and/or equipment that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff Vernon Aune and foreseeable users of said products and/or

equipment of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

30. Plaintiff Vernon Aune sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff Vernon Aune's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products and/or equipment were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff Vernon Aune's body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff Vernon Aune would not know of such danger to his health.

31. Plaintiff Vernon Aune's illness and/or disabilities are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff Vernon Aune's body, lungs, respiratory system, skin, and health, Defendants breached their duties and were negligent in the following acts and/or omissions:

(a) Failed to advise Plaintiff Vernon Aune of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b) Failed or omitted to provide Plaintiff Vernon Aune with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn

the handlers of the dangers to health from contact with or exposure to said asbestos and asbestos-containing materials, products or equipment;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling said asbestos-containing materials, products or equipment;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff Vernon Aune of the dangers to their health from contact with and/on breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f) Failed to develop alternative products;

(g) Continued to use a known cancer-causing product, to-wit: asbestos; and

(h) After discovering that asbestos exposure caused a progressive lung disease, Defendants did not inform Plaintiff Vernon Aune of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

32. Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

33. Defendants were negligent and breached their duty of due care to Plaintiff Vernon Aune by taking or failing to take the actions as previously alleged to avoid harm to Plaintiff Vernon Aune and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

34. The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff Vernon Aune were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

35. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, Plaintiff Vernon Aune developed mesothelioma, as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

10

Case 1:14-cv-00298-TDS-LPA   Document 1   Filed 04/09/14   Page 10 of 19

36. As a result of the above, Plaintiffs Vernon Aune and Dea Aune seek damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
**(Against all named Defendants except Metropolitan Life Insurance Company)**

37. Plaintiffs Vernon Aune and Dea Aune incorporate by reference the preceding paragraphs as if fully set forth herein.

38. The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

39. The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein Plaintiff Vernon Aune lived while in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

40. As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff Vernon Aune developed an illness, to-wit: mesothelioma.

41. As a result of the above, Plaintiffs Vernon Aune and Dea Aune seek damages as are hereinafter demanded.

## THIRD CAUSE OF ACTION
## WILLFUL AND WANTON CONDUCT
**(Against all named Defendants except Metropolitan Life Insurance Company)**

42. Plaintiffs Vernon Aune and Dea Aune incorporate by reference the preceding paragraphs as if fully set forth herein.

11

43. Plaintiff Vernon Aune and others in his position worked with and in close proximity to the asbestos and asbestos-related materials used or manufactured by the Defendants, and the exposure and hazard to each of them, in Plaintiff Vernon Aune's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

44. The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of Plaintiff Vernon Aune and others in the Plaintiff Vernon Aune's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, Plaintiff Vernon Aune was severely damaged as is set forth below.

45. The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Plaintiff Vernon Aune the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, cessation of smoking, and avoidance of further dust exposure. Specifically, Defendants' intentional, willful, wanton and fraudulent conduct included the following acts and omissions:

   (a)  failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

   (b)  failure to issue recall type letters to prior users;

   (c)  frustrating the publication of articles and literature from the 1930's through at least 1976;

   (d)  rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

12

(e) delaying the use of and/or providing intentionally inadequate warnings on asbestos products.

46. The acts and omissions of each of the Defendants as hereinabove set forth were intentional, willful and wanton, and done with willful disregard of the safety of Plaintiff Vernon Aune and others similarly situated at a time when each of the Defendants had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Plaintiff Vernon Aune and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff Vernon Aune and others similarly situated, and Plaintiff Vernon Aune is thereby entitled to punitive damages.

47. Accordingly, as a result of the Defendants' conduct which was conducted willfully, wantonly and with malice, and was grossly negligent and in total disregard for the health and safety of the user or consumer, such as Plaintiff Vernon Aune. Plaintiffs Vernon Aune and Dea Aune therefore seek exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, with malice, and in total disregard of the health and safety of the users and consumers of their products.

### FOURTH CAUSE OF ACTION
### FAILURE TO WARN
**(Against all named Defendants except Metropolitan Life Insurance Company)**

48. Plaintiffs Vernon Aune and Dea Aune incorporate by reference the preceding paragraphs as if fully set forth herein.

49. At all times material hereto, the Defendants knew or should have known of the harmful effects and/or dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and of exposures to inhalable asbestos.

13

50. At all times material hereto, the Defendants knew or should have known of the harmful effects and/or dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and of exposures to inhalable asbestos.

51. Defendants had a duty to warn individuals including, but not limited to, Plaintiff Vernon Aune, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

52. Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff Vernon Aune of the dangers including, but not limited to:

   (a) Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with their products which should have been designed to provide to Plaintiff Vernon Aune knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

   (b) Failing to provide adequate product inserts, informative brochures, posters, and/or other written materials with their products which should have been designed to provide to Plaintiff Vernon Aune knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

   (c) Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed persons such as Plaintiff Vernon Aune;

   (d) Failing to recall their defective product or manufacture a reasonably safer alternative;

   (e) Otherwise failing to act reasonably under the totality of the circumstances.

53. Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment and these products were used by Plaintiff Vernon Aune. Thus, Defendants had a duty to warn individuals including, but not limited to, Plaintiff Vernon Aune, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

54. Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

55. At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as Plaintiff Vernon Aune. In the alternative, after the asbestos-containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a substantial risk of harm to a reasonably foreseeable user, such as Plaintiff Vernon Aune, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

56. Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Plaintiff Vernon Aune to develop mesothelioma as a consequence of which he was injured and damaged, and Plaintiff Vernon Aune hereby makes a claim for damages from the Defendants jointly and severally.

57. As a result of the Defendants' failure to warn, Plaintiff Vernon Aune suffered the injuries, illnesses, and/or damages hereinafter alleged.

## FIFTH CAUSE OF ACTION
## CONSPIRACY AND PUNITIVE DAMAGES
(Against Metropolitan Life Insurance Company Only)

58. Defendant METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "Metropolitan Life") rendered substantial aid and assistance to the manufacturers of asbestos-containing products to which Plaintiff Vernon Aune was exposed, and such assistance by METROPOLITAN LIFE aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by such manufacturers which proximately caused Plaintiff Vernon Aune's illness, injuries, and/or disabilities.

59. In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

60. Plaintiff Vernon Aune alone unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of which METROPOLITAN LIFE published in leading medical journals.

61. As a direct and proximate contributing result of METROPOLITAN LIFE's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff Vernon Aune from asbestos exposure was increased, and (ii) Plaintiff suffered the injuries previously described.

62. In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other

16

Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Plaintiff Vernon Aune. Plaintiff Vernon Aune seeks compensatory and punitive damages against METROPOLITAN LIFE as a result.

### SIXTH CAUSE OF ACTION
### STRICT LIABILITY

63. Additionally and/or alternatively, Defendants caused Plaintiff Vernon Aune's injuries and damages as stated above by manufacturing, selling, installing, and distributing asbestos-containing products and raw materials which were defective in that they were sold without warning of the dangers they posed to the health and life of Plaintiff Vernon Aune, and without instructions as to safe use, and which were further defective in that they were not adequately tested by Defendants, and which were further defective in that, regardless of whether they were marketed with appropriate warnings, they were unreasonably dangerous and should have been withdrawn from the market and replaced by safe products not containing asbestos or not producing asbestos dust when used. For the manufacture, sale, and distribution of these defective products, Defendants are liable to the Plaintiff Vernon Aune for his damages.

### SEVENTH CAUSE OF ACTION
### LOSS OF CONSORTIUM

64. Plaintiffs Vernon Aune and Dea Aune incorporate by reference the preceding paragraphs as if fully set forth herein.

65. Plaintiffs Vernon Aune and Dea Aune were married on August 28, 1957, and at all times relevant to this action were, and are now, husband and wife.

66. Prior to Plaintiff Vernon Aune's injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Plaintiff Vernon Aune has been unable to perform the necessary duties as a spouse and the work and services

17

usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future.

67. As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff Vernon Aune and as a direct and proximate result of the acts and omissions of the defendants, Plaintiff-spouse Dea Aune has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and therefore Plaintiff-spouse Dea Aune is entitled to damages for her loss of consortium, both past and future.

## DAMAGES
## COMPENSATORY AND PUNITIVE DAMAGES

68. Plaintiffs Vernon Aune and Dea Aune incorporate by reference the preceding paragraphs as if fully set forth herein.

69. As a result of the above-alleged conduct of the Defendants, Plaintiff Vernon Aune developed mesothelioma, as a consequence of which, he has been damaged as follows:

  (a) hospital and medical expenses incidental to Plaintiff Vernon Aune's illness;

  (b) loss of earnings and future earning power of Plaintiff Vernon Aune;

  (c) loss of Plaintiff Vernon Aune's general health, strength, and vitality;

  (d) loss of pecuniary contributions to Plaintiff Dea Aune;

  (e) loss of consortium, society, aid, companionship and services to the heirs of Plaintiff Dea Aune;

  (f) future loss of consortium, society, aid, companionship and services to Plaintiff Dea Aune;

  (g) pain and suffering of Plaintiff Vernon Aune;

  (h) all other damages recoverable under said Act.

18

WHEREFORE, Plaintiffs Vernon Aune and Dea Aune verily believe they are entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn, conspiracy and other breaches of duty and willful, wanton, and malicious conduct as alleged herein proximately caused by the fault of the Defendants. Plaintiffs Vernon Aune and Dea Aune pray for judgment against all Defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000, plus interest as provided by law and the costs of this action.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 8th day of April, 2014.

/s/ Janet Ward Black
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiffs
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com